# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:03-cr-37-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| REGINALD GLENN PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 126). Defendant is serving a 151-month sentence after being convicted of conspiracy to possess with intent to distribute marijuana. Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

## I. BACKGROUND

On January 23, 2004, Defendant pled guilty in case number 3:03CR0035 to (1) conspiracy to possess with intent to distribute, and distribute, marijuana and (2) money laundering. On the same date, he pled guilty in case number 3:03CR0037 to conspiracy to possess with intent to distribute marijuana. (Doc. No. 81 (3:03CR0035) at 5). The marijuana convictions involved more than 1,000 kilograms of marijuana. (Id.). This Court sentenced Defendant to 151 months in prison for each of the three counts, to be served concurrently. (Doc. 93 at 2).

Defendant is 50 years old and imprisoned at FCI Lompoc, a Bureau of Prisons (BOP) facility in California. See www.bop.gov/inmateloc/. His scheduled release date is in 2026.

-1-

(Id.). FCI Lompoc has zero cases of COVID-19 in its inmate population. www.bop.gov/coronavirus/(last visited April 14, 2021). BOP has administered 132,115 doses of a COVID-19 vaccine to inmates and staff. (Id.). At FCI Lompoc, BOP has thus far completed vaccinations for 213 staff and 788 inmates. (Id.). BOP has released 24,095 inmates to home confinement since the Attorney General's memo to BOP on March 26, 2020, instructing BOP to prioritize home confinement during the pandemic. (Id.). After review of Defendant's case, BOP declined to release him.

Defendant filed a previous Motion for Compassionate Release (Doc. 118) in the above-captioned case. The Government filed a response (Doc. 121) and, on February 2, 2021, this Court denied Defendant's motion without prejudice because he failed to exhaust his administrative remedies before petitioning this Court for relief. Defendant filed his current motion on March 30, 2021, seeking compassionate release based on the fact that he suffers from medical conditions—specifically obesity and chronic kidney disease—that he contends make him susceptible to becoming seriously ill if he contracts COVID-19. Defendant seeks a sentence of time served or, alternatively, early release from prison and placement on supervised release. (Def.'s Mot. at 38).

The Government has responded in opposition. As part of its previous response, the Government provided seventy-three pages of Defendant's medical records to this Court as sealed Document No. 123. In its response, the Government has not re-filed the same medical records, but added two additional pages of medical records, which show that Defendant refused a COVID-19 vaccine in March of 2021. (Gov't Ex. 1).

**II.  DISCUSSION**

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[1] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

---

[1] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United

States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Defendant appears to have health issues that likely make him more susceptible to becoming seriously ill if he were to contract COVID-19—that is, he suffers from obesity and chronic kidney disease, which may place him at an increased risk for severe illness from COVID-19. Defendant is not entitled to compassionate release under § 3582(c)(1)(A), however, because he has not established a particularized risk of contracting the disease at his prison facility, which currently has no COVID-19 cases. Furthermore, and significantly, Defendant was offered the Moderna COVID-19 vaccine on March 3, 2021, and he refused to receive it. (Gov't Ex. 1). Thus, Defendant has voluntarily declined to "provide self-care" and mitigate his risk of a severe COVID-19 infection as contemplated by U.S.S.G. § 1B1.13, application note 1. The United States Food and Drug Administration (FDA) approved the Moderna vaccine for use after extensive testing, concluding

-5-

that it is 95% effective in preventing infection and virtually entirely effective in preventing severe disease, including in participants with medical comorbidities associated with high risk of severe COVID-19. See FDA, Emergency Use Authorization, www.fda.gov/media/144673/download (Dec. 18, 2020). Here, Defendant's unexplained decision to refuse the vaccine, combined with the fact there are no cases of COVID-19 at FCI Lompoc at the present time, undermine his arguments, including that: (1) conditions at FCI Lompoc are "particularly dire" (Def.'s Mot. at 18), (2) "BOP's pandemic response plan has failed in its entirety," (Id. at 20), and (3) his ability to provide self-care in the environment where he is being held is significantly diminished, (see Id. at 22). Defendant has not presented the Court with extraordinary and compelling reasons justifying his early release from prison.

Even if the Court were to find the existence of extraordinary and compelling reasons for release, this Court would decline to grant Defendant's motion light of the applicable factors under 18 U.S.C. § 3553(a). Title 18, United States Code, Section 3553(a)(2), calls for a sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. Defendant was significantly involved in a conspiracy to distribute marijuana and launder money in California and North Carolina. Defendant admitted to his involvement in the distribution of at least 3,000 pounds of marijuana. (3:03cr35, Doc. No. 81 at 8). Defendant admitted handling more than one million dollars in drug proceeds during the course of the conspiracy. (Id. at 10). Moreover, Defendant was released from custody on conditions set by the Court before his sentencing, but he failed to appear for his sentencing hearing in 2005, and he was a fugitive for approximately 10 years. (Id.). Defendant

is also a repeat offender. Before Defendant's instant federal conviction, Defendant committed a violent federal crime leading to his imprisonment for (1) conspiracy to rob a postal facility and to use or carry a firearm in relation to that robbery and (2) armed robbery of a postal facility. (Id. at 14). Defendant has also been convicted of possession of drug paraphernalia and reckless driving to endanger. (Id. at 14–15). To promote respect for the law, deter Defendant, deter others, prevent future crimes of Defendant, and provide adequate punishment, the Court finds that Defendant shall serve his justly imposed sentence of 151 months for distributing marijuana and laundering money–offenses he committed after his release from a previous federal prison sentence for armed robbery.

In sum, for all these reasons, the Court denies Defendant's motion. This Court notes that, in light of United States v. McCoy, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 126), is **DENIED**.

Signed: April 20, 2021

Max O. Cogburn Jr
United States District Judge

-7-

Case 3:03-cr-00037-MOC-DCK   Document 129   Filed 04/20/21   Page 7 of 7