UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03-cr-37-MOC
3:03-cr-35-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **REGINALD GLENN PATTERSON,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. Defendant has filed the identical motion in Criminal Case Numbers 3:03-cr-37 and Case No. 3:03-cr-35. (Doc. No. 132, 3:03cr37, Doc. No. 118, 3:03cr35). Defendant is serving a 151-month sentence after being convicted of conspiracy to possess with intent to distribute marijuana. Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I.   BACKGROUND

Defendant is 51 years old and imprisoned at FCI Lompoc, a Bureau of Prisons (BOP) facility in California. See www.bop.gov/inmateloc/. His scheduled release date is in 2026. (Id.). On January 23, 2004, Defendant pled guilty in case number 3:03CR0035 to (1) conspiracy to possess with intent to distribute, and distribute, marijuana and (2) money laundering. On the same date, he pled guilty in case number 3:03CR0037 to conspiracy to possess with intent to distribute marijuana. (Doc. No. 81 (3:03CR35) at 5). The marijuana convictions involved more than 1,000 kilograms of marijuana. (Id.). After Defendant disappeared and avoided his

sentencing hearing for ten years, this Court sentenced Defendant to 151 months in prison for each of the three counts, to be served concurrently. (Doc. No. 93 at 2).

About one year ago, this Court considered Defendant's first Motion for Compassionate Release. (Doc. No. 126, in 3:03cr37). The Government filed a response opposing Defendant's release (see Doc. No. 128), and this Court denied the Defendant's motion on April 20, 2021 (see Doc. No. 129) (finding that extraordinary and compelling reasons did not exist and, even if they did, the Court would decline release after reviewing applicable factors under 18 U.S.C. § 3553(a)).

## II. DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), the district court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. This Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). As the movant, Defendant bears the burden to establish extraordinary and compelling reason(s) justifying a sentence reduction.

In United States v. McCoy, 981 F.3d 271 (2020), the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 (2018) does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281-284. According to McCoy, because § 1B1.13 specifies its applicability only to motions brought by BOP, it cannot be an applicable policy statement in circumstances where defendants/inmates bring their own motions

for compassionate release. Id. at 281. Therefore, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. McCoy noted, however, that § 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at n.7. The Fourth Circuit reiterated this position one-year later. See United States v. High, 997 F.3d 181, 186 (2021) ("As we recognized in McCoy, U.S.S.G. § 1B1.13, even though issued before Congress authorized defendant-filed motions, "remains helpful guidance even when motions are filed by defendants.""; "So while U.S.S.G. § 1B1.13 is not applicable to defendant-filed motions under § 3582(c), it defines, in the medical context, the same substantive term that applies to BOP-filed motions. One might reasonably believe therefore that the term "extraordinary and compelling reasons" will be defined the same for defendant-filed motions.").

Defendant's request for a sentence reduction will be denied because, as with his first motion for compassionate release, he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Defendant cites the same health issues he previously cited to this Court in his first motion for release: obesity and chronic kidney disease. (Def. Motion at 6). Defendant alleges that BOP does not properly treat his conditions. (Id.). Defendant suggests that COVID-19 has "spread like wildfire" at his BOP facility and that his untreated and undetermined health conditions – combined with the "growing coronavirus pandemic" and the "ongoing 8th Amendment violations" – are extraordinary and compelling reasons for release. (Id. at 4). Defendant claims he has been infected with COVID-19 on two occasions but also says "with no tests performed." (Id. at 6). Regarding his in-prison conduct, Defendant says he has been "incident report free for more than 2 years." (Id.).

-3-

Throughout his motion, Defendant contends that operations and circumstances at his BOP facility do not meet his expectations and, in fact, run afoul of the Eighth Amendment's prohibition of cruel and unusual punishment. See (Doc. No. 132). Regarding Title 18, United States Code, Section 3553(a), Defendant says the relevant factors weigh in favor of his release because he "has already served a portion of his sentence" and that portion has been more than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. (Id. at 27).

When he filed his first motion for compassionate release, Defendant was not vaccinated for COVID-19 because he refused the vaccine. (Doc. No. 129 at 2). In October and November of 2021, Defendant consented to being vaccinated. (Gov't Ex. 1 at 26). He received the requisite two doses of the well-known, FDA-approved, Pfizer vaccine. (Id.).

Defendant's two diagnosed health conditions of kidney disease and obesity have not changed since his last unsuccessful motion for compassionate release. Moreover, because Defendant is now fully vaccinated, his risk of becoming seriously ill if he were to contract COVID-19 has been substantially mitigated. See, e.g., United States v. Wakefield, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (defendant presents a number of conditions, including obesity, diabetes, and hypertension, but he previously tested positive, and has received the first vaccine dose; "Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release."). In sum, Defendant has not met his burden of showing that any medical or health condition exists that rises to the level of "extraordinary and compelling."

Even if Defendant had presented an extraordinary and compelling reason justifying Defendant's early release from prison, this Court would still deny the motion after considering the applicable factors under 18 U.S.C. § 3553(a). As this Court stated in its last Order denying Defendant's similar motion:

> Defendant was significantly involved in a conspiracy to distribute marijuana and launder money in California and North Carolina. Defendant admitted to his involvement in the distribution of at least 3,000 pounds of marijuana. (3:03cr35, Doc. No. 81 at 8). Defendant admitted handling more than one million dollars in drug proceeds during the conspiracy. (Id. at 10). Moreover, Defendant was released from custody on conditions set by the Court before his sentencing, but he failed to appear for his sentencing hearing in 2005, and he was a fugitive for approximately 10 years. (Id.). Defendant is also a repeat offender. Before Defendant's instant federal conviction, Defendant committed a violent federal crime leading to his imprisonment for (1) conspiracy to rob a postal facility and to use or carry a firearm in relation to that robbery and (2) armed robbery of a postal facility. (Id. at 14). Defendant has also been convicted of possession of drug paraphernalia and reckless driving to endanger. (Id. at 14–15).

(Doc. No. 129, 3:03-cr-307). Defendant does not provide a well-founded basis for this Court to reach a different conclusion one year later. The fact that Defendant has "already served a portion" of his sentence and followed the prison rules for the last two years is hardly reason for release from a substantial and justly imposed prison sentence. To promote respect for the law, deter Defendant, deter others, prevent future crimes of Defendant, and provide adequate punishment, this Court finds that Defendant is not entitled to compassionate release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 118, 3:03cr35, Doc. No. 132, 3:03cr37), is **DENIED**.

Signed: May 26, 2022

Max O. Cogburn Jr.
United States District Judge